WEIMER, J.,
concurring.
hi concur in the result. I also subscribe to much of the majority’s reasoning except as detailed below.
The majority opinion in this case relies on In re Cresap, 06-1242 (La.10/17/06), 940 So.2d 624, explaining that Cresap stands as a justification for a lower sanction than the sanction of a 90-day suspension recommended by the Judiciary Commission. I dissented in Cresap on the sanction of a 30-day suspension because I found mitigating evidence weighed in favor of a lesser sanction in that case. Even so, I believe a 30-day suspension is appropriate as a sanction in this matter. Unlike Cresap, there were numerous findings in this matter by the hearing officer and the Judiciary Commission that the testimony of the judge lacked credibility or was less than candid during the disciplinary process. These findings are consistent with the finding that her defense was “frivolous or unfounded” when the judge attempted to explain what was meant when she announced in open court that more than a dozen criminal cases were dismissed.
In the final analysis, I agree that a 30-day suspension without pay is appropriate here. The finding of a lack of credibility and candor is an obstacle, in my view, to anything less than a 30-day suspension despite the fact that the judge’s limited experience serving as a judge mitigates in her favor. Thus, I respectfully concur.